IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES STANFILL                                                             PLAINTIFF

v.                            Civil No. 12-2286

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James Stanfill, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.   Procedural Background:

Plaintiff filed his DIB and SSI application on March 22, 2010, and July 11, 2020, respectively, alleging an onset date of October 1, 2008, due migraine headaches, numbness in his fingers, arms, legs, lips, and face, blurred vision, and confusion. Tr. 139, 143, 183-184, 201, 211-213. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 49, 52, 57, 59, 63. An administrative hearing was held on June 2, 2011. Tr. 22-44. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 53 years old and possessed a  high school education with some college credit.   Tr. 25.   He has past relevant work ("PRW") experience as a broker and transportation dispatcher.   Tr. 28-31, 193-199, 202, 207-208.

On August 10, 2011, the ALJ found Plaintiff's headache pain to be severe, but concluded it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 13.  The ALJ then concluded that Plaintiff "did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments. " Tr. 13.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 26, 2012. Tr.1-4.  Subsequently, Plaintiff filed this action.  ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision.   ECF Nos. 8, 15.

The Court has reviewed the entire transcript.   The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.   The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

AO72A
(Rev. 8/82)

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

3

(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's determination that Plaintiff does not have a severe impairment.  A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)).  The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms (*see* [20 C.F.R.] § 404.1527). 20 C.F.R. § 404.1508.

On April 6, 2007, a CT scan of Plaintiff's cervical spine revealed a broad based disk osteophyte complex at the C5-6 level resulting in mild central canal stenosis and moderate left neuroforaminal stenosis and a central disk bulge at the C6-7 level.  Tr. 744-745.  The record also contains diagnoses of chronic pain, cervical radiculopathy, and cervicalgia, as well as prescriptions for Neurontin.  Tr.599-605, 730, 731, 733, 735.  However, these diagnoses were not considered by the ALJ.  And, we note that the Plaintiff did include symptoms associated with this impairment in his application for benefits and testified to suffering from neuropathy.  Tr. 31, 139, 143, 183-184, 201, 211-213.  *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

4

Further, in spite of the absence of medical evidence to indicate Plaintiff's physical limitations and abilities, the ALJ denied Plaintiff's request for a consultative physical exam. *See Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (citation and internal quotes omitted)).

We also note that Plaintiff sustained a crush injury to his left foot in a motorcycle accident in September 2010.  Tr. 350-353.  He was treated by Dr. James Long at River Valley Musculoskeletal Center until November 4, 2010, at which time his condition had improved and he was released from care.  Tr. 341-353, 728.  However, the ALJ also failed to mention this impairment in his opinion.   And, again, we note that the ALJ denied Plaintiff's request for a consultative physical exam, without which the severity of Plaintiff's impairments can not be accurately assessed, nor can we ascertain the limitations, if any, that result from these impairments.

Because it is reasonable to believe that some exertional as well as non-exertional limitations might result from these impairments, we find that remand is necessary to allow the ALJ to obtain a consultative physical exam, complete with an thorough RFC assessment.

**IV.**     **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and recommend that the case be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). .  **The parties have fourteen days from receipt of our report and recommendation in which to file written**

**objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>13th</u> day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)